**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: March 16 2010**

Mary Ann Whipple
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **In Re** | ) | Case No. 09-37370 |
| | ) | |
| Derek Q. York | ) | **Chapter 7** |
| Stephanie N. York | ) | |
| | ) | |
| **Debtors**. | ) | **JUDGE MARY ANN WHIPPLE** |

## ORDER

The court held on March 9, 2010, a hearing on Debtors' Motion to Dismiss ("Motion") this pending Chapter 7 bankruptcy case [Doc. # 16], which the court construes as a motion under Fed. R. Bank.P. 1017(f) and 9014. The Trustee appeared in person at the hearing. There was no appearance by or on behalf of Debtors. For the reasons set forth below, and as explained on the record at the hearing, the court denies the Motion.

The Motion gives no reason for dismissal and none was offered at the hearing, although the Trustee indicated that he believed that he understood there was marital discord. Debtors commenced this voluntary Chapter 7 case on October 22, 2009. They have not appeared thus far at a meeting of

creditors at which the Trustee could inquire of their assets and liabilities and their financial affairs generally.

Section 707(a) provides that the court may dismiss a Chapter 7 case "only for cause." In the view of most courts, a Chapter 7 Debtor may not automatically dismiss her case. *In re MacDonald*, 73 B.R. 254, 256 (Bankr. N.D. Ohio 1987); *see In re Asbury,* 2010 WL 43716, 2010 Bankr. LEXIS 301, *7 (8th Cir. B.A.P., Feb. 9, 2010)("The terms of the Bankruptcy Code do not provide a simple mechanism for a Chapter 7 debtor who decides he wants to abandon his case prior to discharge"). The Trustee has standing to object to a voluntary dismissal, as he has orally here, due to his lack of information as would be gained at a meeting of creditors. *In re Carroll*, 24 B.R. 83, 85 (Bankr. N.D. Ohio 1982); *In re Hall*, 15 B.R. 913, 915-16 (B.A.P. 9th Cir. 1981) (also applies prejudice to creditors as the test for measuring the propriety of a Debtor's voluntary dismissal). Courts have denied a debtor's request to voluntarily dismiss a Chapter 7 case where creditors have been or will be prejudiced by the dismissal. *See, e.g.*, *MacDonald*, 73 B.R. at 256; *In re Banks*, 35 B.R. 59, 60-61 (Bankr. D. Md. 1983). Courts have also denied a debtor's request to voluntarily dismiss a case when property has been or will be obtained by the Trustee that may or will satisfy at least part of the debtor's obligations. *See e.g.*, *In re Klein*, 39 B.R. 530 (Bankr. E.D. N.Y. 1984) (debtor's reason for dismissal was settlement of pending lawsuit, which court rejected) *In re Blackmon*, 3 B.R. 167 (Bankr. S.D. Ohio 1980).

As the court noted in *Blackmon*, a debtor who chooses to place himself or herself in bankruptcy may not always choose to terminate the proceedings, even if unforseen or perhaps misunderstood consequences arise. *Id.* at 169. And so it is here. Debtors have availed themselves of the benefits of this case through the automatic stay with respect to unsecured debt exceeding $51,000. Yet the

status of their assets and liabilities and the potential for repayment of and prejudice to creditors has not been examined due to non-appearance at a meeting of creditors. The court finds that cause for voluntary dismissal has not been shown.

**IT IS THEREFORE ORDERED** that Debtors' Motion to Dismiss [Doc. # 16] shall be, and it hereby is, **DENIED.**